

# THE ATTORNEY GENERAL
# OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

March 7, 1950

Hon. Walter Cousins, Jr., Secretary
Texas Board of Pharmacy
Dallas, Texas

Opinion No. V-1017.

Re: The authority of the
Texas Board of Phar-
macy to license gradu-
ates of schools which
do not maintain a stu-
dent dispensary, in
view of an alleged con-
flict in the existing

Dear Sir:

statutes.

      Reference is made to your recent request which
reads in part as follows:

      "Under Section 8, Art.4542a, Title 71
in The Texas Pharmacy Law, it is stated that
'It shall be unlawful for any person who is
not a registered pharmacist under the pro-
visions of this Act to compound, mix, manu-
facture, combine, prepare, label, sell or
distribute at retail or wholesale any drugs
or medicines, except in original packages,'
and under Art. 758a, paragraph 4 it further
states that 'Any person not being licensed
as a pharmacist who shall compound, mix, blend,
dispense, prepare or sell at retail any drugs,
medicines, poisons or pharmaceutical prepara-
tions upon a physician's prescription, or
otherwise, and whoever, being the manager or
owner of the drug store, pharmacy or factory,
or other place of business, shall manufacture,
or permit anyone not licensed as a pharmacist
to compound, mix, blend, dispense any drugs,
medicines, poisons or pharmaceutical prepar-
ations, on physician's prescription, contrary
to any of the provisions of this Act, shall
be subject to the penalties of this Act,'
while Section 9 of the same Act provides that
among other things a person to acquire a li-
cense to practice pharmacy 'shall have had

at least one (1) year of practical experience in a retail pharmacy under the direct supervision of a registered pharmacist,' all of which presents a conflict which has been embarrassing to this Board in some instances and we would appreciate having your suggestions as to how we might proceed pending legislative correction.

"The Board has allowed, for the experience requirement, work done at the student health dispensary at the University of Texas while they were of undergraduate status but some other institutions do not have such facilities and we are faced with either denying the right to take examinations to them if they have not had experience and at the same time making it impossible for them to obtain the experience. We are attaching hereto an inquiry in this category in order that you may see the dilemma in which we find ourselves."

The inquiry which you refer to provides:

"Is it possible that I could, upon graduation from the University of Colorado, go directly to Texas and obtain my necessary experience and then take the examination given by the State Board of Pharmacy of Texas without reciprocity?"

Section 8 of Article 4542a, V.C.S., provides in part:

"It shall be unlawful for any person who is not a registered pharmacist under the provisions of this Act to compound, mix manufacture, combine, prepare, label, sell or distribute at retail or wholesale any drugs or medicines, except in original packages . . ."

The pertinent part of Article 758a, V.P.C., provides as follows:

"Any person not being licensed as a pharmacist who shall compound, mix, blend, dispense, prepare or sell at retail any drugs, medicines, poisons or pharmaceutical preparations upon a

physician's prescription, or otherwise, and who-
ever, being the manager or owner of the drug
store, pharmacy or factory, or other place
of business, shall manufacture, or permit
anyone not licensed as a pharmacist to com-
pound, mix, blend, dispense any drugs, medi-
cines, poisons or pharmaceutical preparations,
on physician's prescription, contrary to any
of the provisions of this Act, shall be sub-
ject to the penalties of this Act. . .

"Any person, firm, corporation, partner-
ship, or joint stock company violating any
provision of this Act shall be guilty of a
misdemeanor and upon conviction shall be fin-
ed not less than Fifty ($50.00) Dollars, nor
more than Five Hundred ($500.00) Dollars, or
be confined in jail for not less than one (1),
nor more than six (6) months, or by both such
fine and imprisonment. Each day of such vio-
lation shall be a separate offense.

"It shall be unlawful for any member of
the Board to permit any applicant to take the
examination herein provided for, unless such
applicant furnishes written proof to said
Board that such applicant is qualified as
herein provided in this Act to take such ex-
amination. Any member of the Pharmacy Board
violating this Section shall be guilty of a
misdemeanor and shall be punished as provid-
ed in the preceding paragraph."

Section 9 of Article 4542a provides in part:

"Every person desiring to practice phar-
macy in the State of Texas shall be required
to pass the examination given by the State
Board of Pharmacy. The applicant shall make
application by presenting to the Secretary of
the Board, on forms furnished by the Board,
satisfactory sworn evidence that he has at-
tained the age of twenty-one (21) years, is
of good moral character, is a citizen of the
United States, and has at least graduated
from a first grade high school, or has a pre-
liminary education equivalent thereto, permit-
ting matriculation in the University of Texas,
and that he has attended and graduated from a

reputable university, school or college of
pharmacy which meets with the requirements
of the Board, <u>and shall have had at least one
(1) year of practical experience in a retail
pharmacy under the direct supervision of a
registered pharmacist. . .</u>"  (Emphasis added)

All of the above quoted Acts were amended in
1943 and are a part of Senate Bill 128, Acts 48th Leg.,
R.S. 1943, ch.395, p.710.

In <u>Hidalgo County Drainage Dist. No.1 v. David-
son</u>, 102 Tex. 539, 120 S.W. 849 (1909), it is stated at
page 851:

"In determining the sense in which the
language was used by the Legislature, we will
look to the context and to the purpose of the
Legislature in enacting the law."

Also, in <u>Longoria v. State</u>, 126 Tex.Crim. 362,
(1934), 71 S.W.2d 268, we find the following:

"We further observe that in accordance
with settled rules of interpretation of stat-
utes, even when the language used is suscep-
tible of two meanings, the courts are to give
it that meaning which will conform to the
scope of the act and carry out the purpose of
the statute.  Mr. Black, in his Hornbook on
Interpretation of Laws, p.56, lays down the
rule that, where the language used is ambigu-
ous, or admits of more than one meaning, it
is to be taken in such a sense as will con-
form to the scope of the act and carry out
the purpose of the statute."

And further, in <u>Trimmer v. Carlton</u>, 116 Tex.
572, 296 S.W. 1070 (1927), it is stated:

"We ought not to give any legislative act
a construction which will throw the law 'into
some degree of confusion,' if it can be as-
certained that the Legislature had fairly ex-
pressed any other purpose."

We must therefore look to the Act as a whole
in order to determine legislative intent.  When this is
done the only reasonable construction that could be

placed on the provision which deals with the one year of practical experience in a retail pharmacy before an applicant may take the examination is that any person who meets all the other requirements may get that practical experience in a retail pharmacy under the direct supervision of a registered pharmacist without violating the law.  It was not the intent of the Legislature in enacting this law to create such an anomalous situation as to say to an applicant you must have one year of practical experience in a retail pharmacy before you may be permitted to take the examination and at the same time say to him if you attempt to get this required experience, you will be violating the law and subject to prosecution under the Act.  In other words, this practical experience is simply an apprenticeship which must be served before an applicant may take the examination.

Therefore, with respect to your specific question, if an out-of-State applicant has the required college work and meets all other requirements, he would be authorized under the Act to get one year of practical experience in a retail pharmacy in this State under the direct supervision of a registered pharmacist without violating the law.

## SUMMARY

An applicant who meets all other requirements is authorized to get the one year practical experience in a retail pharmacy in this State under the direct supervision of a registered pharmacist without violating the law. Sec.9, Art.4542a, V.C.S., Trimmer v. Carlton, 116 Tex. 573, 296 S.W. 1070 (1927).

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Charles D. Mathews
Executive Assistant

By  *Bruce Allen*
Bruce Allen
Assistant

BA:mw